**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

ERIC LEE BROWN, # 216794,     *
                              *
     Petitioner,          *
                              *
vs.                        * CIVIL ACTION NO. 17-00462-WS-B
                              *
MARY COOKS,[1]             *
                              *
     Respondent.          *

<u>**REPORT AND RECOMMENDATION**</u>

Eric Lee Brown, an Alabama state prison inmate in the custody of Respondent, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2241. (Doc. 1). In his petition, Brown claims that the Alabama Department of Corrections ("ADOC") has miscalculated the end of his sentence date based on incorrect documents sent by the Circuit Court of Mobile County, Alabama, the court in which he was convicted and sentenced. (<u>Id.</u> at 2). Specifically, Brown contends that all of his sentences were ordered to run concurrently with one another, and that ADOC records incorrectly indicate that some of his sentences are to be served consecutively. (<u>Id.</u> at 14). The petition has been referred to the undersigned Magistrate Judge for entry of a report and

---

[1] The Court takes judicial notice of the fact that Mary Cooks is now the warden of Fountain Correctional Facility, where Brown is currently incarcerated. Accordingly, the Clerk is **DIRECTED** to substitute Mary Cooks for Kenneth Peters as the Respondent in this case.

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

Following a thorough review of the petition and the record, the undersigned finds that an evidentiary hearing is not warranted.[2] Upon review, the undersigned recommends that Brown's petition be **DENIED**, that this action be **DISMISSED**, and that judgment be entered in favor of Respondent and against Petitioner, Eric Lee Brown. The undersigned further recommends that, should Brown seek the issuance of a certificate of appealability, his request be denied, along with any request to appeal *in forma pauperis*.[3]

---

[2] Because Brown filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1337 (11th Cir. 2004). Brown has failed to establish that an evidentiary hearing is warranted in this case.

[3] Brown has also filed a motion seeking a "default judgment against Mobile Circuit Court for [Brown's] release" (Doc. 13), two "Motion[s] for Pre-action Discovery" (Docs. 14, 16), and a "Motion under Rule 16.4(c) Ala R. Crim p. for the District Attorney to turn over Discovery" (Doc. 15). Brown appears to request that his charges be vacated and that he be released from custody based upon his mistaken belief that this Court has ordered officials of the Mobile County Circuit Court to provide certain documents to Brown in discovery and that said officials failed to comply with this Court's order. (See Docs. 13, 14, 16). Brown also appears to request the discovery of "exculpatory material or other medical physical evidence" to prove his innocence of the crimes for which he was convicted. (See Doc. 15; see also Doc. 16). However, the undersigned has already found that discovery is not appropriate in this case because Brown has not presented a proper basis for discovery. (See Doc. 12). Indeed, the discovery that Brown is

## I.  BACKGROUND.

On April 3, 2001, following a jury trial, Brown was convicted in the Circuit Court of Mobile County, Alabama of one count of first-degree rape (CC-2001-338), two counts of first-degree sexual abuse (CC-2001-339 and CC-2001-341), and two counts of first-degree sodomy (CC-2001-340 and CC-2001-342). (Doc. 7-2 at 3-6).[4] On April 27, 2001, Brown's sentencing hearing took place before Mobile County Circuit Court Judge John R. Lockett. (Id. at 10-20). Judge Lockett sentenced Brown as follows:

> In the matter of CC-2001-338 where you've been adjudicated and I find you guilty of rape in the first degree, the Court sentences you to 30 years in the penitentiary. In the matter of CC-2001-339 where you have been adjudicated guilty of sex abuse in the first degree, I find you guilty of sex abuse in the first degree. The Court sentences you to 10 years in the penitentiary. In the matter of CC-2001-340 where the jury found you guilty of sodomy in the first degree, the Court finds you guilty of sodomy in the first degree and

---

apparently seeking has absolutely no relevance to Brown's sole claim in the instant habeas petition, namely, that ADOC is miscalculating his prison term because all of his sentences were ordered to run concurrently. Brown has thus failed to demonstrate good cause for the Court to grant discovery in this case. See Bowers v. U.S. Parole Comm'n, Warden, 760 F.3d 1177, 1183 (11th Cir. 2014); Rule 6 of the Rules Governing Section 2254 Cases. Accordingly, Brown's motions seeking discovery, a default judgment, and release from incarceration (Docs. 13, 14, 15, 16) are **DENIED.**

[4] Brown's five convictions were for sexual abuse of his girlfriend's underage daughters, who were both under the age of twelve. (See Doc. 7-1 at 24-33, 62-68). Case numbers CC-2001-338, CC-2001-339, and CC-2001-340 related to crimes against one victim, and case numbers CC-2001-341 and CC-2001-342 related to crimes against the other victim. (See id. at 63-68).

sentences you to 30 years in the penitentiary. Those
three sentences to run concurrent with each other.

In the matter of CC-2001-341 sex abuse in the first
degree, the Court finds you guilty of sex abuse in the
first degree and sentences you to 10 years in the
penitentiary. In the matter of CC-2001-342 where the
jury found you guilty of sodomy in the first degree, the
Court declares you guilty and adjudicates you guilty of
sodomy in the first degree, sentences you to 30 years in
the penitentiary. **Those sentences to run concurrent,
341 and 342 concurrent with each other but consecutive
to 338, 339 and 340.**

(Id. at 18-19) (emphasis added).

On May 10, 2001, Brown appealed his convictions. (Id. at 9).

He argued that the evidence was insufficient to sustain his

convictions, and that his convictions for both first-degree rape

and first-degree sexual abuse violated double jeopardy principles

because first-degree sexual abuse is a lesser-included offense of

first-degree rape. (Doc. 7-3 at 3-6). On October 19, 2001, the

Alabama Court of Criminal Appeals affirmed Brown's convictions.

(Doc. 7-3). In its memorandum opinion, the Alabama Court of

Criminal Appeals noted:

The appellant was sentenced to the following for his
convictions relating to T.P.: (1) 30 years' imprisonment
for the rape conviction; (2) 30 years' imprisonment for
the sodomy conviction; and (3) 10 years' imprisonment
for the sexual-abuse conviction. Those sentences were
ordered to run concurrently with each other, but
consecutively with the sentences imposed for the
appellant's convictions relating to A.P., which were as
follows: (1) 30 years' imprisonment for the sodomy
conviction; and (2) 10 years' imprisonment for the
sexual-abuse conviction.

(Id. at 1).  The Alabama Supreme Court denied Brown's petition for writ of certiorari on February 22, 2002, and a certificate of judgment was issued on that date.  (Docs. 7-4, 7-5).

Brown filed his first Rule 32 petition attacking only his conviction in CC-2001-338 on August 22, 2002.  (Doc. 7-6 at 2; Doc. 7-16 at 21-22).  The petition was summarily dismissed by circuit court.  (Doc. 7-6 at 2).  Brown appealed the dismissal, and on February 21, 2003, the Alabama Court of Criminal Appeals affirmed the circuit court's summary dismissal.  (Doc. 7-6).  The Alabama Court of Criminal Appeals issued a certificate of judgment on March 11, 2003.  (Doc. 7-7).

Brown filed a second Rule 32 petition attacking his conviction in CC-2001-338 on March 27, 2003.  (Doc. 7-16 at 23).  This second Rule 32 petition was summarily dismissed by the circuit court as successive and precluded on April 14, 2003.  (Id.).  Brown did not appeal the denial of his second petition.  (Doc. 7-8 at 2).

Brown filed yet a third Rule 32 petition on June 20, 2003, this time attacking all of his convictions and sentences.  (Id.).  Without requiring an answer from the State, the circuit court entered an order denying Brown's petition.  (Id. at 2-5; Doc. 7-16 at 24, 37, 50, 62, 75).  The Alabama Court of Criminal Appeals affirmed the circuit court's summary dismissal of Brown's third Rule 32 petition on November 21, 2003.  (Doc. 7-8).  The Alabama Supreme Court denied Brown's petition for writ of certiorari and

issued a certificate of judgment on February 13, 2004.  (Doc. 7-9).

Brown filed a fourth Rule 32 petition on August 9, 2004, challenging the evidence that supported his convictions, alleging ineffective assistance of trial counsel, and alleging he was unlawfully prosecuted for multiple offenses arising out of the same criminal behavior.  (Doc. 7-10 at 107; Doc. 7-16 at 26, 39, 52, 64, 77).  On March 24, 2005, the circuit court summarily dismissed Brown's fourth Rule 32 petition as successive.  (Doc. 7-10 at 107-08).  Brown appealed.  (Id. at 109-13).  On August 2, 2005, the Alabama Court of Criminal Appeals remanded the case to the circuit court to certify whether it had ruled on Brown's request to proceed *in forma pauperis* before ruling on the merits of his petition.  (Doc. 7-11).  After the circuit court confirmed that it had not ruled on Brown's *in forma pauperis* request before ruling on his fourth petition, the Alabama Court of Criminal Appeals found that the circuit court's order purporting to deny Brown's petition was void for lack of subject matter jurisdiction. (Id.).  Thus, the court dismissed Brown's appeal of the denial of his fourth petition and issued a certificate of judgment on August 17, 2005.  (Docs. 7-11, 7-12).

Brown's claim in the instant petition that all of his sentences were ordered to run concurrently appears to stem from a handwritten circuit court order from March 2007.  On September 1,

2006, Brown filed a "Petition for Nunc Pro Tunc Order and Motion for Re Consenderation [sic] Pursuant to Rule 26.12(c)."[5]  (Doc. 1 at 28).  In a handwritten order on Brown's petition dated March 16, 2007, the circuit court wrote: "Moot. Sentences are running concurrent."[6]  (Id.; see also Doc. 7-16 at 18, 34, 47, 72). Thereafter, the circuit court case action summary reflects the following motions or petitions filed by Brown from 2007 through 2009:

- Motion to Reconsider Pursuant to Ex Parte Kirby, filed July 12, 2007 and denied November 12, 2007.

- Petition for Nunc Pro Tunc Order and Motion for Reconsideration Pursuant to Ala. R. Crim. P. 26.12(c), filed June 23, 2008 and denied June 24, 2008.

- Motion to Reconsider Sentence, filed on August 14, 2008 and denied August 19, 2008.

- Motion to Verify, Clarify Sentencing Order and Issue Order, filed October 22, 2008 and denied October 30, 2008.

- Motion to Modify, Amend or Alter Terms of Sentence, filed April 6, 2009 and denied April 24, 2009.

- Petition for an order to be issued to Alabama Board of Pardons and Paroles to follow the proper rules

---

[5] Rule 26.12(c) of the Alabama Rules of Criminal Procedure provides that a "court may at any time by a nunc pro tunc order provide that previously imposed consecutive sentences run concurrently." Ala. R. Crim. P. 26.12(c).

[6] The clerk of court also sent Brown a notice dated June 19, 2007 that stated: "HERE IS A COPY OF THE JUDGE'S RULING ON YOUR PETITION FOR NUNC PRO TUNC ORDER AND MOTION FOR RECONSIDERATION PUSUANT [sic] TO RULE 26,12(C).  YOUR CASES ARE ALREADY RUNNING CONCURRENT WITH EACH OTHER."  (Doc. 1 at 32).

and regulations and statutes,[7] filed September 10, 2009 and denied November 3, 2009.

(Doc. 7-16 at 18-20, 34-36, 47-49, 60-61, 72-74).

On January 27, 2010, Brown filed a motion specifically asking the circuit court "to enter an nunc pro tunc [sic] and run cases CC01-341 and 342, which are consecutive with cases 338, 339, and 340; concurrent[.]" (Doc. 7-16 at 94). Judge Lockett denied the motion on May 13, 2010. (Id.).

Subsequent thereto, Brown filed a writ of mandamus with the Alabama Court of Criminal Appeals. Brown sought an order directing the trial judge to order that Brown's sentences be served concurrently and not consecutively. (Doc. 7-13). On August 23, 2013, the Alabama Court of Criminal Appeals denied Brown's mandamus petition. (Id.). Brown filed another petition for a writ of mandamus in 2013, requesting that the Alabama Court of Criminal Appeals direct Judge Lockett to grant his motion for discovery related to his post-conviction petition. (See Doc. 7-14). On April 3, 2014, the Alabama Court of Criminal Appeals denied Brown's petition. (Id.). On October 6, 2014, Judge Lockett entered orders in each of Brown's cases, which stated the following: "MOTION TO CORRECT CLERICAL ERROR OF CENTRAL RECORDS DEPARTMENT OF CORRECTION

---

[7] Brown's petition to the Alabama Board of Pardons and Paroles asked the "Court to correct his sentences on CC-2001 342.63 and Run its Concurrectly [sic] with the other sentences CC-2001-338-339-341-342[.]" (Doc. 7-16 at 82).

filed by BROWN ERIC LEE is hereby DENIED, SENTENCES ARE
CONSECUTIVE." (Doc. 7-16 at 97-101).

On March 24, 2015, Brown filed yet another petition for writ
of mandamus, asking the Alabama Court of Criminal Appeals to
reconsider its August 23, 2013 denial of his petition for writ of
mandamus. (Doc. 7-15). In his new mandamus petition, Brown
asserted that "Judge Lockett has already ordered [Brown's]
sentences to run concurrent; per his original Nunc Pro Tunc Order,"
and that "the ADOC Central Records division calculation of
[Brown's] time does not reflect said Order of the Circuit Court."
(Id. at 2). In an order dated June 26, 2015, the Court of Criminal
Appeals stated:

> Eric Lee Brown filed this petition for a writ of mandamus
> requesting that this Court direct Judge John R. Lockett
> to notify the Mobile County Circuit Clerk and the Alabama
> Department of Corrections ("DOC") that his sentences
> were to be served concurrently and not consecutively.
> Brown asserts that Judge Lockett ordered that his
> sentences be concurrent but DOC records reflect that his
> sentences are consecutive.
>
> This Court's records reflect that Brown's convictions
> and sentences are as follows: **CC-01-0338**, rape
> conviction and sentence of 30 years; **CC-01-339**, sexual-
> abuse conviction and sentence of 10 years to run
> concurrently with sentence in CC-01-0338; **CC-01-0340**,
> sodomy conviction and sentence of 30 years to run
> concurrently with CC-01-0339; **CC-01-0341**, sexual-abuse
> conviction and sentence of 10 years to run concurrently
> with CC-01-0342 and consecutively with CC-01-0338, CC-
> 01-0339, and CC-01-0340; **CC-01-0342**, sodomy conviction
> and sentence of 30 years to run concurrently with CC-
> 01-0341 and consecutively with CC-01-0338, CC-01-0339,
> and CC-01-0340. As the State contends in its response,
> only the sentences Brown received in CC-01-0341 and CC-

01-0342 are running consecutively to the other three
sentences. In 2010, Brown moved that Judge Lockett make
his sentences concurrent in CC-01-0341 and CC-01-0342.
Judge Lockett denied that motion. After this Court
denied a previous petition filed by Brown, Judge Lockett
issued another order stating the sentences were
consecutive. While some conflicting orders were issued
in this case, it appears that the DOC's records are
consistent with the sentences that were originally
imposed. It is clear that the circuit court did not
intend to run the sentences in CC-01-0341 and CC-01-0342
concurrently with the three other sentences.
Accordingly, this petition is hereby **DENIED**.

(Doc. 7-17 at 1).

On February 14, 2017, Brown filed a state habeas corpus
petition. (Doc. 7-18 at 3-4). He asserted that his "sentence
[in] CC-01-341 is to run concurrent with CC-01-342[,]" and
requested "the 10 years consecutive to be concurrent". (Id. at
3). Brown also alleged that "ADOC violates Article III Sec. 43
separation of powers [by its] refusal to comply with court's
order." (Id.). On June 6, 2017, the Circuit Court of Escambia
County, Alabama dismissed Brown's petition. (Id. at 19-20). After
Brown appealed (id. at 21), the Alabama Court of Criminal Appeals
affirmed the circuit court's denial of his petition by memorandum
dated December 8, 2017, and it issued a certificate of judgment on
December 27, 2017. (Docs. 7-20, 7-21).

Brown filed the instant habeas petition in this Court on
October 16, 2017.[8] (Doc. 1). In it, Brown contends that during

---

[8] Pursuant to the mailbox rule, a prisoner's petition is deemed
filed on the date it is delivered to prison officials for mailing.

his sentencing in April 2001, Judge Lockett ordered that all of his sentences were to run concurrently. (Id. at 14). Brown asserts that the clerk of the circuit court sent incorrect documents to ADOC, and as a result, ADOC's records erroneously reflect that some of his sentences are to be served consecutively. (Id. at 2, 14-15).

Respondent contends that Brown's habeas petition is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d), and that Brown is not entitled to relief because the Alabama Court of Criminal Appeals' order denying Brown's mandamus petition is a ruling on the merits of Brown's claim that was not contrary to or an unreasonable application of Supreme Court precedent. (Doc. 7 at 7-12). Alternatively, Respondent asserts that Brown procedurally defaulted his claim when, on appeal from the denial of his state habeas petition, he abandoned his claims that ADOC violated the separation of powers by failing to comply with court orders and that his consecutive sentences should be converted to concurrent sentences, as the Court of Criminal Appeals purportedly held in its opinion. (Id. at 12-13; see Doc. 7-20 at 4).

---

Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent contrary evidence, that date is presumed to be the date on which the prisoner signed the motion. Id.; (see Doc. 1 at 9, 46).

For the reasons set forth herein, the undersigned **RECOMMENDS** that Brown's petition be **DENIED**.

**II.   ANALYSIS.**

In Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003), the Eleventh Circuit held:

> [A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus.  All applications for writs of habeas corpus are governed by [28 U.S.C.] § 2241, which generally authorizes federal courts to grant the writ— to both federal and state prisoners.  Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of [28 U.S.C.] § 2254.  That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254.  If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.

Id. at 1062.

"Importantly, a state prisoner cannot evade the procedural requirements of § 2254 by characterizing his filing as a § 2241 petition . . . ."   Johnson v. Warden, Ga. Diagnostic & Classification Prison, 805 F.3d 1317, 1323 (11th Cir. 2015). "Habeas petitions filed under 28 U.S.C. § 2241 by state prisoners 'in custody pursuant to the judgment of a State court' are subject to the additional limitations of 28 U.S.C. § 2254 petitions." Gaines v. Attorney Gen., Fla., 788 F. App'x 623, 627 (11th Cir. 2019) (per curiam) (citing Medberry, 351 F.3d at 1062).  These restrictions apply even where the petition raises claims only

contesting the execution of a sentence.  Villar v. Warden, 2017 U.S. Dist. LEXIS 193397, at *7, 2017 WL 5617501, at *3 (N.D. Ala. Nov. 3, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 192377, 2017 WL 5598438 (N.D. Ala. Nov. 21, 2017) ("[A]s far as habeas petitions filed by *state* prisoners are concerned, § 2254 governs them even where they raise claims only contesting execution of a sentence.") (emphasis in original); Medberry, 351 F.3d at 1062 n.8.

Brown is in custody pursuant to the judgment of an Alabama court; therefore, § 2254 and its attendant statutory restrictions apply to the petition that Brown brought under § 2241.  These restrictions include a deferential standard of review of state court adjudications of law and fact, see 28 U.S.C. § 2254(d), a certificate of appealability requirement, see 28 U.S.C. § 2253(c), and a one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1); Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004) (per curiam).

### A. Timeliness.

Respondent first argues that Brown's petition is barred because it was filed beyond the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).  (Doc. 7 at 7-8).  Under § 2244(d)(1), state prisoners seeking a federal habeas corpus remedy must file their habeas corpus petitions within a one-year limitations period.  The statute provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As an initial matter, Brown alleges no facts which suggest that either subsection (B) or (C) of § 2244(d)(1) is applicable to his case. Nor is there any basis for applying subsection (D), which places the triggering date on the date the petitioner, through the exercise of diligence, discovered or could have discovered the factual predicate of the claim. As noted, Brown's sole claim is that ADOC is miscalculating his sentence to

incorrectly reflect that not all of his sentences are concurrent. According to Brown, the sentences imposed by the trial court on April 27, 2001 provided for "3 thirty year and 2 ten year terms of incarceration to be run concurrent[.]" (Doc. 1 at 14). However, the evidentiary record in this case, which includes the transcript of Brown's sentencing hearing on April 27, 2001, reflects that the trial judge sentenced Brown to thirty-year sentences in CC-2001-338 and CC-2001-340, and a ten-year sentence in CC-2001-339, and ordered those three sentences to run concurrently with each other. (See Doc. 7-2 at 18-19). The judge also sentenced Brown to ten years in CC-2001-341 and thirty years in CC-2001-342 and ordered that these two sentences were to run *concurrently with each other* but *consecutively* with his sentences in CC-2001-338, CC-2001-339, and CC-2001-340. (Id. at 19). Brown was present at the sentencing hearing and heard the sentences rendered; therefore, he knew or certainly should have known at that time that his sentences in CC-2001-341 and CC-2001-342 were ordered to run concurrently with each other but *consecutively* with his sentences in CC-2001-338, CC-2001-339, and CC-2001-340. (See id. at 10-20).

Additionally, the Alabama Court of Criminal Appeals' opinion in Brown's direct appeal, dated October 19, 2001, reflected the circuit court's order that two of Brown's sentences were to run concurrently with each other but consecutively with the sentences imposed for his other three convictions, and thus provided further

notice to Brown.  (See Doc. 7-3 at 1).  Because the date on which the factual predicate of Brown's claim could have been discovered with the exercise of due diligence (April 27, 2001) is earlier than the date on which Brown's judgment of conviction became final, the timeliness of Brown's petition must be calculated under § 2244(d)(1)(A).

As noted, the Alabama Court of Criminal Appeals affirmed Brown's convictions on October 19, 2001.  (Doc. 7-3).  Brown's petition for writ of certiorari was denied by the Alabama Supreme Court on February 22, 2002, and the certificate of judgment was issued on that date.  (Docs. 7-4, 7-5).  Thus, by operation of law, Brown's convictions became final on May 23, 2002 – ninety days after the Alabama Supreme Court's issuance of the certificate of judgment – as this was the date on which the time expired for Brown to seek review in the United States Supreme Court.  See Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002); Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006).  Thus, in the absence of tolling, Brown had one year from May 23, 2002 within which to file a federal habeas petition.

28 U.S.C. § 2244(d)(2) provides for the tolling of the federal limitations period pending state court review of a "properly filed" application for post-conviction relief.  See In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006).  Brown's one-year statute of limitations began on May 23, 2002 and ran until August 22, 2002,

when Brown filed his first Rule 32 petition. By then, ninety-one days of the limitations period had elapsed. The filing of Brown's first Rule 32 petition tolled the statute of limitations until the certificate of judgment regarding that petition was issued on March 11, 2003. The limitations period began to run again and ran uninterrupted for sixteen days until Brown filed a second Rule 32 petition on March 27, 2003. The trial court dismissed the petition on April 14, 2003. (Doc. 7-16 at 23). Brown did not appeal from the dismissal of his second Rule 32 petition, and the limitations period began to run again on May 28, 2003.[9] The limitations period ran for an additional twenty-three days, until Brown filed a third Rule 32 petition on June 20, 2003.

Respondent argues that Brown's third Rule 32 petition had no tolling effect because it was filed outside of the one-year limitations period set forth in the current Rule 32.2(c) of the Alabama Rules of Criminal Procedure.[10] (Doc. 7 at 7). Rule 32.2(c),

---

[9] A petitioner has forty-two days to appeal the dismissal of a Rule 32 petition. Ala. R. App. P. 4(a); see also Ala. R. App. P. 26(a); Bland v. State, 2017 U.S. App. LEXIS 24206, at *8-9, 2017 WL 5668005, at *3 (11th Cir. Sept. 7, 2017).

[10] "An application for postconviction relief filed in state court is not 'properly filed' if it is untimely." Walton v. Sec'y, Fla. Dep't of Corr., 661 F.3d 1308, 1310 (11th Cir. 2011). "When a state court has not addressed the timeliness of an application for collateral relief, the federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Id. at 1312 (quoting Evans v. Chavis, 546 U.S. 189, 198 (2006)).

as amended effective August 1, 2002,[11] provides that, in the case of a conviction appealed to the Alabama Court of Criminal Appeals, "the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1 (a) and (f),[12] unless the petition is filed . . . within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals . . . ." Ala. R. Crim. P. 32.2(c) (as amended Mar. 22, 2002, effective Aug. 1, 2002).

---

[11] The amendment changed the period within which a defendant could file a Rule 32 petition in Alabama from **two** years to **one** year. See Court Comment of Jan. 27, 2004, to Amendment to Rule 32.2 Effective Aug. 1, 2002.

[12] Rule 32.1 of the Alabama Rule of Criminal Procedure provides, in pertinent part:

> Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
>
> (a) The constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.
>
> . . . .
>
> (f) The petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part.

Ala. R. Crim. P. 32.1.

However, where a defendant's triggering date for Rule 32 limitation purposes occurred between August 1, 2001 and August 1, 2002, the defendant was afforded one year from August 1, 2002 within which to file a post-conviction petition. See Court Comment of Jan. 27, 2004, to Amendment to Rule 32.2 Effective Aug. 1, 2002. Since the certificate of judgment in Brown's direct appeal was issued on February 22, 2002, Brown had one year from August 1, 2002, or until August 1, 2003, within which to file a Rule 32 petition. Thus, Brown's third Rule 32 petition, filed on June 20, 2003, was timely, and it tolled the § 2244(d)(1) limitation period from June 20, 2003 until February 13, 2004, when the Alabama Supreme Court entered a certificate of judgment. (See Doc. 7-9). At that time, 130 days of untolled time had passed, and Brown had 235 days remaining to file a federal habeas petition.

Another 178 days of untolled time passed before Brown filed his fourth and final Rule 32 petition on August 9, 2004. At that point, fifty-seven days remained in the § 2244(d)(1) limitations period. Respondent does not argue that Brown's fourth Rule 32 petition was untimely and thus had no tolling effect.[13] (See Doc.

_____

[13] Although Brown would have been time-barred under Rule 32.2(c) from presenting anything other than jurisdictional claims, Brown's fourth petition asserted, *inter alia*, that "[t]he court was without jurisdiction to render the judgment or to impose the sentence," and that double jeopardy principles were violated by "splitting a single criminal act in order to justify multiple prosecutions for the same criminal behavior." (Doc. 7-10 at 60, 80-82, 87-88); see Ex parte Benefield, 932 So. 2d 92, 94 (Ala. 2005) (finding

7 at 7).  Instead, Respondent asserts that because Brown did not file any additional Rule 32 petitions between August 17, 2005 (when the Alabama Court of Criminal Appeals issued a certificate of judgment and dismissed Brown's appeal of the trial court's denial of the fourth Rule 32 petition) and the filing of the instant habeas petition in October 2017, more than one year of untolled time has "[c]learly" passed.  (Id.).

However, based upon the record before the Court, it is not clear that Brown's fourth Rule 32 petition was ever resolved in the Alabama state courts.  The record reflects that the circuit court did not rule on Brown's IFP request prior to issuing an order purporting to deny Brown's fourth Rule 32 petition.  (See Doc. 7-11; Doc. 7-16 at 26-28).  Therefore, the Alabama Court of Criminal Appeals found that the circuit court's order (denying Brown's fourth Rule 32 petition) was void because that court did not have jurisdiction to entertain the petition, and thus Brown's appeal was dismissed on the ground that a void judgment will not support an appeal.  (Doc. 7-11).  After the dismissal of Brown's appeal, it appears that the next step would have been a ruling by the circuit court on Brown's IFP request and, if granted, the court would have proceeded to rule on Brown's fourth Rule 32 petition.

petitioner's claim that his convictions for first-degree rape and first-degree sexual abuse violated his double jeopardy rights because they arose "from a single transaction involving the same victim" to be jurisdictional in nature).

See <u>Baker v. State</u>, 885 So. 2d 241, 244 (Ala. Crim. App. 2003);
<u>Madden v. State</u>, 885 So. 2d 841, 844-45 (Ala. Crim. App. 2003).
The record is devoid, however, of any documents reflecting that
the circuit court took *any* further action on Brown's IFP request
or his fourth Rule 32 petition.

Under § 2244(d)(2), "an application is pending as long as the
ordinary state collateral review process is 'in continuance'—i.e.,
'until the completion of' that process.  In other words, until the
application has achieved final resolution through the State's
post-conviction procedures, by definition it remains 'pending.'"
<u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2002).  Here, as noted,
the record does demonstrate whether Brown's fourth Rule 32
petition, which was filed prior to the expiration of the § 2244(d)
limitations period, ever achieved a final resolution through
Alabama's post-conviction procedures.  In the absence of such
information, the Court need not reach a conclusion regarding the
timeliness of Brown's petition, since it is clear that the petition
is without merit.  See <u>Adamson v. McNeil</u>, 353 F. App'x 238, 241
(11th Cir. 2009) (per curiam) (holding that the district court did
not err by considering the merits of the petitioner's claims before
addressing whether the habeas petition was time-barred)

**B.  Merits.**

Brown's claim that all of his sentences were ordered to run
concurrently fails on its merits.  To prevail on a claim

adjudicated on the merits by the state courts, a petitioner must show that the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Federal courts presume the correctness of factual determinations by state courts, subject to rebuttal by the petitioner only upon a showing by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "However, the statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

In its June 26, 2015 order denying Brown's petition for a writ of mandamus, the Alabama Court of Criminal Appeals considered the same claim made by Brown in the instant habeas petition: that the sentencing judge had ordered that Brown's sentences were to be served concurrently but that ADOC records reflect consecutive sentences. The Court of Criminal Appeals stated:

> This Court's records reflect that Brown's convictions and sentences are as follows: **CC-01-0338,** rape conviction and sentence of 30 years; **CC-01-339,** sexual-abuse conviction and sentence of 10 years to run concurrently with sentence in CC-01-0338; **CC-01-0340,** sodomy conviction and sentence of 30 years to run concurrently with CC-01-0339; **CC-01-0341,** sexual-abuse

conviction and sentence of 10 years to run concurrently
with CC-01-0342 and consecutively with CC-01-0338, CC-
01-0339, and CC-01-0340; **CC-01-0342**, sodomy conviction
and sentence of 30 years to run concurrently with CC-
01-0341 and consecutively with CC-01-0338, CC-01-0339,
and CC-01-0340.  As the State contends in its response,
only the sentences Brown received in CC-01-0341 and CC-
01-0342 are running consecutively to the other three
sentences.  In 2010, Brown moved that Judge Lockett make
his sentences concurrent in CC-01-0341 and CC-01-0342.
Judge Lockett denied that motion.  After this Court
denied a previous petition filed by Brown, Judge Lockett
issued another order stating the sentences were
consecutive.  While some conflicting orders were issued
in this case, it appears that the DOC's records are
consistent with the sentences that were originally
imposed.  It is clear that the circuit court did not
intend to run the sentences in CC-01-0341 and CC-01-0342
concurrently with the three other sentences.
Accordingly, this petition is hereby **DENIED**.

(Doc. 7-17 at 1).

The Alabama state court decision regarding Brown's sentence
was not contrary to or an unreasonable applicable of clearly
established federal law, nor was it an unreasonable determination
of the facts in light of the evidence presented in the state court
proceeding.  See 28 U.S.C. § 2254(d).  As the Alabama Court of
Criminal Appeals recognized, the record conclusively demonstrates
that the sentencing court ordered Brown's sentences in CC-2001-
341 and CC-2001-342 to run concurrently with one another, but
consecutively with Brown's sentences in CC-2001-338, CC-2001-339,
and CC-2001-340.  (See Doc. 7-2 at 18-19).

Moreover, it appears that Brown understood this, since, in
2006, he filed a motion for reconsideration pursuant to Ala. R.

Crim. P. 26.12(c), which allows a sentencing court to "at any time by a nunc pro tunc order provide that *previously imposed consecutive sentences* run concurrently." (See Doc. 1 at 28); Ala. R. Crim. P. 26.12(c) (emphasis added). The circuit court's handwritten order on that motion stated: "Moot. Sentences are running concurrent." (Id.; see also Doc. 7-16 at 18, 34, 47, 72). While the court's statement was erroneous, or at least incomplete, the circuit court did not grant Brown's motion to issue an order providing that Brown's previously imposed consecutive sentences would run concurrently, nor did the court indicate any intention to amend Brown's original sentences. Indeed, after Brown seized on the language in the court's March 2007 order to file multiple motions either claiming that all of his sentences were concurrent or requesting that they be made to run concurrently, the sentencing judge repeatedly reaffirmed his intention to maintain the originally imposed sentence. (See Doc. 7-16 at 18-20, 34-36, 47-49, 60-61, 72-74, 94, 97-101).

Given the record before the Court, Brown's contention that all of his sentences were ordered to run concurrently fails on its merits. He has not shown that the findings of the state courts are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or were "based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding."[14]  See 28 U.S.C. § 2254(d).

### III.  **CERTIFICATE OF APPEALABILITY**.

In actions such as this one brought by a state prisoner under § 2241, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) of the Rules Governing 2254 Cases.  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

[14] Because Brown's claim is clearly without merit under either § 2254(d)'s deferential standard or *de novo* review, the Court need not consider Respondent's alternative argument that Brown's claim is procedurally defaulted.  See Loggins v. Thomas, 654 F.3d 1204, 1215 (11th Cir. 2011) ("When relief is due to be denied even if claims are not procedurally barred, we can skip over the procedural bar issues, and we have done so in the past.").

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a habeas petition is denied on the merits of the underlying constitutional claim, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (citations and internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)

Brown has failed to demonstrate that the state courts rendered decisions that were either contrary to, or an unreasonable application of, clearly established federal law, see 28 U.S.C. § 2254(d)(1), or that were based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d)(2). Accordingly, the undersigned submits that no reasonable jurist could find it debatable whether Brown's petition should be denied. As a result, Brown is not entitled to a

certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

### IV.   CONCLUSION.

For the reasons set forth above, the undersigned **RECOMMENDS** that Brown's habeas petition (Doc. 1) be **DENIED**, that this action be **DISMISSED**, and that judgment be entered in favor of the Respondent, Mary Cooks, and against the Petitioner, Eric Lee Brown. It is further recommended that any request for a certificate of appealability or for permission to proceed *in forma pauperis* on appeal be **DENIED**.[15]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the

---

[15] An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact."  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **8th** day of **September, 2020.**

_____/s/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**